# APPENDIX A

LEXSTAT BANKR RULE 8001

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

\*\*\* CURRENT THROUGH CHANGES RECEIVED DECEMBER 1, 2007 \*\*\*

FEDERAL RULES OF BANKRUPTCY PROCEDURE AND OFFICIAL BANKRUPTCY FORMS
PART VIII. APPEALS TO DISTRICT COURT OR BANKRUPTCY APPELLATE PANEL

**Go to the United States Code Service Archive Directory**

*USCS Bankruptcy R 8001*

Review Court Orders which may amend this Rule.

Rule 8001. Manner of Taking Appeal; Voluntary Dismissal [Caution: For interim rule implementing the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, see appendix to the Federal Rules of Bankruptcy Procedure.]

(a) Appeal as of right; how taken.   An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by *28 U.S.C. § 158(a)(1)* or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002.   An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.   The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee.   Each appellant shall file a sufficient number of copies of the notice of appeal to enable the clerk to comply promptly with Rule 8004.

(b) Appeal by leave; how taken.   An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by *28 U.S.C. § 158(a)(3)* shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

(c) Voluntary dismissal.
  (1) *Before docketing.* If an appeal has not been docketed, the appeal may be dismissed by the bankruptcy judge on the filing of a stipulation for dismissal signed by all the parties, or on motion and notice by the appellant.
  (2) *After docketing.* If an appeal has been docketed and the parties to the appeal sign and file with the clerk of the district court or the clerk of the bankruptcy appellate panel an agreement that the appeal be dismissed and pay any court costs or fees that may be due, the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter an order dismissing the appeal. An appeal may also be dismissed on motion of the appellant on terms and conditions fixed by the district court or bankruptcy appellate panel.

(d) [Abrogated]

(e) Election to have appeal heard by district court instead of bankruptcy appellate panel.   An election to have an appeal heard by the district court under *28 U.S.C. § 158(c)(1)* may be made only by a statement of election contained in a separate writing filed within the time prescribed by *28 U.S.C. § 158(c)(1)*.

**HISTORY:**
  (Amended Aug. 1, 1987; Aug. 1, 1991; Dec. 1, 1997.)

## HISTORY; ANCILLARY LAWS AND DIRECTIVES

Other provisions:
 **Notes of Advisory Committee.** These rules in Part VIII apply only to appeals to the district courts or bankruptcy appellate panels. Subsequent appeals to the courts of appeals, or direct appeals by agreement of the parties under *28 U.S.C. § 1293(b)*, are governed by Federal Rules of Appellate Procedure.
 *Note to Subdivisions (a) and (b).* Subdivisions (a) and (b) require that a notice of appeal be filed whenever a litigant seeks to secure appellate review by the district court or bankruptcy appellate panel. An appeal from an interlocutory order which will be heard only if leave is granted under *28 U.S.C. §§ 1334(b)* or *1482(b)* is taken by filing a notice of appeal accompanied by a motion for leave to appeal which complies with the requirements set forth in Rule 8003. Rule 8003 also governs other aspects of interlocutory appeals.
 *Note to Subdivision (c).* Subdivision (c) is an adaptation of *Rule 42 Fed. R. App. P.*
 *Note to Subdivision (d).* Subdivision (d) deals with the situation in which an appellant perfects an appeal to the district court or a bankruptcy appellate panel and also a direct appeal pursuant to *28 U.S.C. § 1293(b)* to the court of appeals. This subdivision provides that once the appeal to the court of appeals is taken, a notice of appeal to the district court or bankruptcy appellate panel shall be dismissed and, if the first appeal is to the district court or bankruptcy appellate panel, the first appeal shall be dismissed. Paragraph (3) gives an appellant or cross appellant an opportunity to file an appeal to the district court or bankruptcy appellate panel if the court of appeals dismisses the direct appeal because the judgment, order, or decree appealed from is not final. Since the court of appeals has determined the judgment, order, or decree is not final, the new appeal is an appeal for which leave is necessary.
 **Notes of Advisory Committee on 1987 amendments.** *Note to Subdivisions (a) and (b).* Subdivisions (a) and (b) are amended to conform to the 1984 amendments.
 *Note to Subdivision (d).* Subdivision (d) is abrogated because there is no direct appeal to the court of appeals under *28 U.S.C. § 158*, as enacted by the 1984 amendments.
 *Note to Subdivision (e).* Subdivision (e) is new. Section 158(b)(1) of title 28 authorizes the circuit councils to establish bankruptcy appellate panels. Appeals may not be heard by these panels unless the district court authorizes the referral and all parties to the appeal consent. This rule requires that the parties consent to such an appeal; however, the method of consenting to an appeal may be the subject of a rule promulgated by a circuit council under Rule 8018.
 **Notes of Advisory Committee on 1991 amendments.** Reference to the Official Form number is deleted in anticipation of future revision and renumbering of the Official Forms.
 **Notes of Advisory Committee on 1997 amendments.** This rule is amended to conform to the Bankruptcy Reform Act of 1994 which amended *28 U.S.C. § 158*. As amended, a party may--without obtaining leave of the court--appeal from an interlocutory order or decree of the bankruptcy court issued under § 1121(d) of the Code increasing or reducing the time periods referred to in § 1121.
 *Note to Subdivision (e).* Subdivision (e) is amended to provide the procedure for electing under *28 U.S.C. § 158(c)(1)* to have an appeal heard by the district court instead of the bankruptcy appellate panel service. This subdivision is applicable only if a bankruptcy appellate panel service is authorized under *28 U.S.C. § 158(b)* to hear the appeal.

# Black's Law Dictionary®

## Eighth Edition

Bryan A. Garner
Editor in Chief



Mat #40231642
Mat #40235008—deluxe

decision is not repugnant to the National Labor Relations Board, (2) the arbitration proceedings provided a hearing as fair as would have been provided before the NLRB, and (3) the contract requires binding arbitration. *Spielberg Mfg. Co.*, 112 NLRB Dec. (CCH) 86 (1955). Cf. COLLYER DOCTRINE.

> "In Spielberg Mfg. Co. (1955), the Board announced its policy of dismissing an unfair labor practice complaint in deference to an arbitration award already rendered, provided the arbitral procedures were fair and the award was not repugnant to the policies of the Labor Act.... The Supreme Court in several cases cited the Board's deferral policy with approval, noting that the Board has discretion to respect an arbitration award and that arbitration of disputes contributes to industrial peace and stability." Robert A. Gorman, *Basic Text on Labor Law: Unionization and Collective Bargaining* 751 (1976).

**spigurnel** (spig-ər-**nel**), *n. Hist.* An early officer of the Chancery, equivalent to the Sealer of the king's writs in later times.

**spillover.** See EXTERNALITY.

**spillover theory.** The principle that a severance must be granted only when a defendant can show that trial with a codefendant would substantially prejudice the defendant's case, as when the jury might wrongly use evidence against the defendant. See BRUTON ERROR. [Cases: Criminal Law ⌾622.2(8). C.J.S. *Criminal Law* §§ 570–571.]

> "The spillover theory involves the question of whether a jury's unfavorable impression of a defendant against whom the evidence is properly admitted will influence the way the jurors view a codefendant.... The test ... is whether the jury can keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict." 22A C.J.S. *Criminal Law* § 571, at 190–91 (1989).

**spin-off,** *n.* **1.** A corporate divestiture in which a division of a corporation becomes an independent company and stock of the new company is distributed to the corporation's shareholders. [Cases: Corporations ⌾445. C.J.S. *Corporations* § 656.] **2.** The company created by this divestiture. Cf. SPLIT-OFF; SPLIT-UP.

**spirit of the law.** The general meaning or purpose of the law, as opposed to its literal content. Cf. LETTER OF THE LAW. [Cases: Statutes ⌾183. C.J.S. *Statutes* § 317.]

**spiritual,** *adj.* Of or relating to ecclesiastical rather than secular matters <spiritual corporation>.

**spiritual corporation.** See CORPORATION.

**spiritual court.** See *ecclesiastical court* under COURT.

**spiritual lord.** An archbishop or bishop having a seat in the House of Lords.

**spiritual tenure.** See TENURE.

**spiritual-treatment exemption.** See FAITH-HEALING EXEMPTION.

**spital** (**spit**-əl). *Archaic.* A hospital. — Also termed *spittle.*

**spite fence.** A fence erected solely to annoy a neighbor, as by blocking the neighbor's view or preventing the neighbor from acquiring an easement of light <the court temporarily enjoined the completion of the 25-foot spite fence>. Cf. LAWFUL FENCE. [Cases: Adjoining Landowners ⌾10; Fences ⌾22; Nuisance ⌾3(12). C.J.S. *Adjoining Landowners* §§ 68–69, 71, 74; *Nuisances* § 38.]

**spittle.** See SPITAL.

**split,** *vb.* **1.** To divide (a cause of action) into segments or parts. **2.** To issue two or more shares for each old share without changing the shareholder's proportional ownership interest. See STOCK SPLIT. [Cases: Corporations ⌾66. C.J.S. *Corporations* §§ 177–179.]

**split custody.** See CUSTODY (2).

**split-dollar life insurance.** See LIFE INSURANCE.

**split fund.** See *dual fund* under MUTUAL FUND.

**split-funded plan.** See EMPLOYEE BENEFIT PLAN.

**split gift.** See GIFT.

**split income.** See INCOME.

**split-interest trust.** See *charitable-remainder trust* under TRUST.

**split-level statute.** See STATUTE.

**split-off,** *n.* **1.** The creation of a new corporation by an existing corporation that gives its shareholders stock in the new corporation in return for their stock in the original corporation. **2.** The corporation created by this process. Cf. SPIN-OFF; SPLIT-UP. [Cases: Corporations ⌾445. C.J.S. *Corporations* § 656.]

**split order.** See ORDER (8).

**split sentence.** See SENTENCE.

**splitting a cause of action.** Separating parts of a demand and pursuing it piecemeal; presenting only a part of a claim in one lawsuit, leaving the rest for a second suit. • This practice has long been considered procedurally impermissible. [Cases: Action ⌾53; Judgment ⌾591. C.J.S. *Actions* §§ 177–203; *Judgments* §§ 761, 764–765.]

**split-up,** *n.* The division of a corporation into two or more new corporations. • The shareholders in the original corporation typically receive shares in the new corporations, and the original corporation goes out of business. Cf. SPIN-OFF; SPLIT-OFF.

**split verdict.** See VERDICT.

**spoiled ballot.** See BALLOT (2).

**spoils of war.** See BOOTY (1).

**spoils system.** The practice of awarding government jobs to supporters and friends of the victorious political party. Cf. MERIT SYSTEM. [Cases: Officers and Public Employees ⌾25. C.J.S. *Officers and Public Employees* § 36.]

**spoliation** (spoh-lee-**ay**-shən), *n.* **1.** The intentional destruction, mutilation, alteration, or concealment of evidence, usu. a document. • If proved, spoliation may be used to establish that the evidence was unfavorable to the party responsible. [Cases: Evidence ⌾78; Federal Civil Procedure ⌾1636; Pretrial Procedure ⌾434. C.J.S. *Discovery* § 79; *Evidence* §§ 163–165, 167–168.] **2.** The seizure of personal or real property by violent means; the act of pillaging. **3.** The taking of a benefit properly belonging to another. **4.** *Eccles. law.* The wrongful deprivation of a cleric of his benefice. — **spoliate** (**spoh**-lee-ayt), *vb.* — **spoliator** (**spoh**-lee-ay-tər), *n.*